IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JESUS BUENO-HERNANDEZ et al., Defendants. | 4:16-CR-3105 AMENDED PRELIMINARY ORDER OF FORFEITURE |

This matter is before the Court on the plaintiff's Motion to Amend Preliminary Order of Forfeiture (filing 143).

The operative superseding indictment in this case (filing 33-1) charged defendants Jesus Bueno-Hernandez and Alejandro Heras-Real with one count each of conspiring to distribute and possess with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841. The information contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of $18,312.11 of United States currency seized by law enforcement on or about August 18, 2016, on the basis that it was used to facilitate the commission of the offenses and was derived from proceeds obtained, directly or indirectly, as a result of committing the offenses. Filing 33-1 at 2. Bueno-Hernandez and Heras-Real have pled guilty to the crime alleged and admitted the forfeiture allegation. Filing 101 at 1; filing 105 at 27; filing 114 at 1; filing 130 at 30-31. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, Bueno-Hernandez and Heras-Real have forfeited their interest in the property.

Defendant Karla Marrufo was charged by information (filing 61) with one count of conspiring to distribute and possess with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C.

§ 841, and one count of money laundering in violation of 18 U.S.C. § 1956. The information contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of $18,312.11 of United States currency seized by law enforcement on or about August 18, 2016, and at least $4,000 in United States currency in a U.S. Bank checking account in Marrufo's name, on the basis that it was used to facilitate the commission of the offenses and was derived from proceeds obtained, directly or indirectly, as a result of committing the offenses. Filing 61 at 2. The plaintiff has now determined that the amount seized was $4,050.30. Filing 143 at 1. Marrufo pled guilty to the crimes alleged and admitted the forfeiture allegation. Filing 67 at 1; filing 71 at 6-7. By virtue of pleading guilty to the charge and admitting the forfeiture allegation, Marrufo has forfeited her interest in the property.

Therefore, the plaintiff should be entitled to possession of the property pursuant to 21 U.S.C. § 853, and the plaintiff's Motion to Amend Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1. The plaintiff's Motion to Amend Preliminary Order of Forfeiture (filing 143) is granted.

2. Based upon the defendants' guilty pleas and admission of the forfeiture allegation of the information, the plaintiff is authorized to seize the $18,312.11 and $4,050.30 in United States currency.

3. The defendants' interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 29th day of August, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge